# EXHIBIT A

COPY

Marc I. Bloomenfeld, Esq., [SBN: 108763]
BLOOMENFELD LAW, APC
9454 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212
(310) 246-5115
(310) 246-5117-Fax
mbloomenfeldlaw@gmail.com

Bruce Wernik, Esq.
WERNIKLAW, INC.
16133 Ventura Blvd., 7th Floor
Encino, CA 91436
(818) 377-7425
(818) 377-7442
brucelaw8@mac.com

Attorneys for Plaintiffs: HENRY PEREZ & JACOB SOLARZANO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
NOV 10 2022
BY: Michelle Gomez-Casillas, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| HENRY PEREZ; JACOB SOLARZANO<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; a governmental entity ; SAN BERNARDINO POLICE DEPARTMENT, a governmental entity; MYCAL JAY DOMINGUEZ; ROSALIA MEJIA; DOE SAN BERNARDINO POLICE OFFICERS 1 to 25; and DOES 26 to 50, inclusive.<br><br>Defendants. | Case No.:<br><br>CIV SB 2225127<br><br>COMPLAINT FOR DAMAGES<br><br>1) NEGLIGENCE/NEGLIGENCE PER SE<br>2) ASSAULT & BATTERY<br>3) FALSE ARREST<br>4) EXCESSIVE USE OF FORCE- (42 US Code Section 1983; California Penal Code Section 835)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs HENRY PEREZ and JACOB SOLARZANO complain and allege against CITY OF SAN BERNARDINO; a governmental entity; SAN BERNARDINO POLICE DEPARTMENT, a governmental entity; MYCAL JAY DOMINGUEZ; ROSALIA MEJIA; DOE SAN BERNARDINO POLICE OFFICERS 1 to 25; and DOES 26 to 50, inclusive, as follows.

1.

## I. INTRODUCTION

1. On September 3, 2021, at approximately 9 p.m, San Bernardino Police were engaged in the pursuit of a 2009 Lexus ES350 driven by Defendant, Mycal Jay Dominguez for traffic and/or other criminal violations. During the course of this pursuit, the Dominguez vehicle ran a red light violently colliding with a 2017 Honda Accord, being driven by Plaintiff, Henry Perez with passenger, Plaintiff, Jacob Solarzano. In the immediate aftermath following this collision, San Bernardino Police that were deployed to the accident site to assist in traffic control and provide medical aid and assistance to Plaintiffs, without justification and/or probable cause, pulled Plaintiff Henry Perez, out of his vehicle using excessive force, striking and handcuffing him and falsely placing him under arrest. When San Bernardino police officers initially interacted with plaintiffs, they knew or should have known, they were victims rather than perpetrators or accomplices in this incident.

2. Plaintiffs have presented to Defendants CITY OF SAN BERNARDINO, timely written claims for damages, pursuant to California *Government Code sections 905 and 910, et seq.* Written notice of rejection of those claims were mailed to Plaintiffs on or about May 24, 2022.

## II. VENUE AND JURISDICTION

1. Venue is proper in the Superior Court of the State of California, for the County of San Bernardino because the incident and injuries alleged herein occurred within the present judicial district.

2. This Court has jurisdiction over the present matter because as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for unlimited damages jurisdiction in the Superior Court.

## III. PARTIES

3. At all times relevant hereto, Plaintiffs, HENRY PEREZ ("PEREZ") and JACOB SOLARZANO ("SOLARZANO"), were residents of the State of California, County of San Bernardino.

4. At all times relevant hereto, Defendants, MYCAL JAY DOMINGUEZ ("DOMINGUEZ") and ROSALIA MEJIA ("MEJIA") were residents of the State of California, County of San Bernardino.

2

PLAINTIFF HENRY PEREZ & JACOB SOLARZANO COMPLAINT FOR DAMAGES

**Ex. A - p.6**

5. At all times relevant hereto, Defendant CITY OF SAN BERNARDINO was a public entity duly organized and existing under, and by virtue of, the laws of the State of California.

6. At all times relevant, Defendant SAN BERNARDINO POLICE DEPARTMENT was an agency and department of Defendant CITY OF SAN BERNARDINO. Defendants CITY OF SAN BERNARDINO and SAN BERNARDINO POLICE DEPARTMENT are hereinafter referred to collectively as the "CITY".

7. At all times relevant, Defendants CITY and each of them were acting under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and City of San Bernardino, pursuant to their official authority and their policies, procedures, practices and/or established by directives and/or other acts of the CITY.

8. At all times relevant hereto, DOE SAN BERNARDINO POLICE OFFICERS 1 to 25 were Officers, deputies, and/or employees of Defendant SAN BERNARDINO POLICE DEPARTMENT ("SBPD"), a department and subdivision of Defendant CITY OF SAN BERNARDINO ("CITY").

9. At all times alleged herein, DOE SAN BERNARDINO POLICE OFFICERS 1 to 25, were acting within the course and scope of their employment and/or agency with Defendant City of San Bernardino, by and through its Police Department, which is liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

10. Plaintiff is ignorant of the true names, identities, and capacities, whether individual, corporate, associate or otherwise of DOE SAN BERNARDINO POLICE OFFICERS 1 to 25; and DOES 26 to 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and losses herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

## IV. FACTUAL ALLEGATIONS

The Incident:

11. On September 3, 2021 at approximately 9 p.m. Plaintiffs PEREZ and SOLARZANO, occupying

3

PLAINTIFF HENRY PEREZ & JACOB SOLARZANO COMPLAINT FOR DAMAGES

a 1997 Honda Accord, were lawfully driving eastbound on W. Baseline Street at or near its intersection with Mountain View Avenue in the City of San Bernardino.

12. On September 3, 2021, at approximately 9 p.m., Defendant DOMINGUEZ was driving a 2009 Lexus ES350 southbound on Mountain View Avenue at or near its intersection with W. Baseline Street.

12. Plaintiffs are informed and believe and based thereon allege that Defendant DOMINGUEZ was operating said vehicle at an unsafe speed and in a reckless manner, while also being under the influence of alcohol and/or drugs.

13. Plaintiffs are further informed and believe and based thereon allege, the vehicle being driven Defendant DOMINGUEZ was owned by Defendant, MEJIA and was being driven with her knowledge and consent.

14. At the intersection of W. Baseline Street and Mountain View Avenue, Defendant DOMINGUEZ, ran a red light, violently colliding with Plaintiffs' vehicle, resulting in the rear trunk and axle of Plaintiff's vehicle to be severed, with the front portion occupied by Plaintiffs, coming to rest at the S/E corner of the subject intersection.

15. At the aforementioned time and place, Plaintiffs are informed and believe and based thereon allege that patrol officers of the San Bernardino Police Department operating multiple marked patrol units were in Code 3 pursuit of Defendant DOMINGUEZ for traffic and/or other criminal violations.

16. Plaintiffs are informed and believe and based thereon allege that the police pursuit was predominantly conducted throughout mixed commercial and residential neighborhoods with a high presence of the general public.

17. Plaintiffs are informed and believe and based thereon further allege that immediately following the collision, at least two (2) marked patrol units of the San Bernardino Police Department continued their pursuit of the Lexus southbound along Mountain View Avenue, quickly apprehending Defendant several blocks south of the subject intersection.

18. In the events following the collision and arrest of defendant, DOMINGUEZ, multiple SBPD officers, fire and emergency medical personnel arrived at the subject intersection to provide aid and assistance to Plaintiffs and to provide traffic control and clean up.

19. When SBPD officers approached Plaintiffs' vehicle, rather than providing medical assistance to Plaintiffs, these officers unlawfully and without probable cause immediately pulled Plaintiff PEREZ out of the vehicle using excessive force, striking and handcuffing him and without legal justification placed him under arrest. Plaintiffs are informed and believe and based thereon allege that Defendant SBPD officers, knew or should have known, under the totality of the circumstances and events, that Plaintiffs were victims rather than perpetrators or accomplices to the subject incident.

20. As a result of the pursuit, collision and subsequent conduct of SBPD officers, Plaintiffs suffered serious and permanent physical, emotional and psychological injuries.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENCE PER SE
(As Against ALL DEFENDANTS)

21. Plaintiff repeats and re-alleges each and every allegation above, as though fully set forth herein.

22. At all times relevant, Defendants DOMINGUEZ and MEJIA owed a duty of due care to members of the public to drive, operate, control, own, maintain and entrust their motor vehicle in a safe manner and with due regard to public safety.

23. At all times relevant, Defendants, CITY owed a duty of due care to members of the public to properly engage in and conduct law enforcement activities with due regard to public safety.

24. At all relevant times, and as more fully set forth above, Defendant DOMINGUEZ negligently, carelessly, recklessly and/or while under the influence of alcohol and/or drugs ran a red light causing the subject motor vehicle accident, all in violation of common law and California Vehicle Code Sections 21453 (a)-red light; 22350-basic speed law; 23103-reckless driving and 23152- felony driving under the influence. Based on information and belief, Plaintiffs further allege Defendant MEJIA negligently owned and/or entrusted the Lexus to Defendant DOMINGUEZ resulting in the injuries and damages to Plaintiffs.

25. At all times relevant, Defendants failed to comply with applicable provisions and directives of

5

the San Bernardino PD Policy Manual Sections 300, 314 and 316 as they relate to Use of Force; Vehicle Pursuits and Officer Response to Calls, all of which were the proximate cause of of injuries sustained, as alleged herein.

26. At all relevant times, and as more fully set forth above, Defendants CITY and each of them, were negligent as they failed to follow proper law enforcement practices and protocols while engaged in a vehicle pursuit and/or response to a report of a criminal activity, and/or in providing inadequate hiring, training, supervision, and/or control of its employees by the CITY and were negligent in their assessment of probable cause and subsequent use of force to arrest Plaintiff PEREZ following the vehicle crash, all in violation of both common law and statutory duties of due care to members of the public.

27. Plaintiffs further alleges that Defendants are jointly and severally liable for the aforementioned tortious conduct of Defendants and each of them and that damages are recoverable pursuant to California Proposition 51(the Fair Responsibility Act of 1986) and as set forth at California Civil Code Section 1431.2.

28. As a result of the aforementioned conduct, acts and/or omissions of Defendants and each of them, Plaintiffs suffered serious and permanent physical, emotional and psychological injuries and damages, both compensatory and general, including but not limited to, medical bills, loss of earnings, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement and physical pain and suffering.

29. Plaintiffs are informed and believe and based thereon further allege that the actions and conduct of Defendant DOMINGUEZ were extreme and outrageous and done with a malicious, callous disregard of the safety of Plaintiffs and the general public, thus warranting an award of punitive damages, to the fullest extent permitted by law.

### SECOND CAUSE OF ACTION
### ASSAULT & BATTERY
### (As Against DEFENDANT CITY)

28. Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

29. In the aftermath of the pursuit, vehicular accident and subsequent arrest of Defendant

DOMINGUEZ, Plaintiff PEREZ was placed in reasonable apprehension of an immediate battery and thereafter unlawful struck by DOE SAN BERNARDINO POLICE OFFICERS 1 to 25 responding to the subject incident. Plaintiff is further informed and believes and based thereon alleges, such conduct was done in willful, wanton and conscious disregard of the safety of Plaintiff PEREZ, thus warranting an award of punitive damages, to the fullest extent permitted by law.

30. As an actual and proximate result of Defendants acts and omissions delineated above, Plaintiff PEREZ suffered serious and permanent physical, emotional and psychological injuries and damages, both compensatory and general, including but not limited to, medical bills, loss of earnings, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement and physical pain and suffering.

31. At all relevant times, Plaintiff PEREZ did not in any way contribute to, or cause the assault and battery by Defendants..

**THIRD CAUSE OF ACTION**
**FALSE ARREST**
(As Against DEFENDANT CITY)

32. Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

33. In the aftermath of the police pursuit, vehicular accident and subsequent arrest of Defendant DOMINGUEZ, Plaintiff PEREZ was unlawfully and without probable cause handcuffed, detained and arrested by Defendant DOE SAN BERNARDINO POLICE OFFICERS 1 to 25 responding to the subject incident.

34. As an actual and proximate result of Defendants acts and omissions delineated above, Plaintiff PEREZ suffered serious and permanent physical, emotional and psychological injuries and damages, both compensatory and general, including but not limited to, medical bills, loss of earnings, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement and physical pain and suffering.

**FOURTH CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE-**
(42 US Code Section 1983; California Penal Code Section 835)

(As Against DEFENDANT CITY)

35. Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

36. The aforementioned conduct, acts and/or omissions of Defendant CITY resulted in violations of Plaintiff PEREZ"s state statutory and federal constitutional rights.

37. Plaintiff PEREZ alleges that DOE SAN BERNARDINO POLICE OFFICERS 1 to 25, acting under color of state law and authority and in furtherance of their official duties, unjustifiably and without probable cause, used excessive force in detaining and/or arresting PEREZ.

38. Such conduct of Defendants DOE SAN BERNARDINO POLICE OFFICERS 1 to 25, resulting in violations of Plaintiff's Fourth Amendment rights under the United States Constitution against unreasonable search and seizure and violations under California Penal Code Section 835, for the unreasonable manner and use of restraint involved in Plaintiff's detention and arrest.

38. That the use of excessive force was a substantial factor in causing Plaintiff PEREZ's harm, injuries and damages.

39. That as a result of such conduct by Defendants DOE SAN BERNARDINO POLICE OFFICERS 1 to 25, Plaintiff PEREZ suffered serious and permanent physical, emotional and psychological injuries, both compensatory and general, including but not limited to, medical bills, loss of earnings, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement and physical pain and suffering.

40. Plaintiff PEREZ further alleges based upon information and belief and based thereon alleges that the acts and conduct of Defendants DOE SAN BERNARDINO POLICE OFFICERS 1 to 25 were oppressive and malicious and/or involved a reckless or callous indifference to the state and federal protected rights of PEREZ, warranting an award of punitive damages, to the fullest extent permitted by law.

## VI. PRAYER

Wherefore, PLAINTIFFS pray for judgement against each defendant as follows:

8

PLAINTIFF HENRY PEREZ & JACOB SOLARZANO COMPLAINT FOR DAMAGES

**Ex. A - p.12**

1. For compensatory and general, damages, past, present and future, according to proof, all in excess of the requirements for this Court's jurisdiction;
2. As to Plaintiffs' First Cause of Action, for punitive damages against Defendant, DOMINGUEZ;
3. As to Plaintiff's Second and Fourth Causes of Action, for punitive damages against Defendants DOE SAN BERNARDINO POLICE OFFICERS 1 to 25;
4. As to Plaintiff's Fourth Cause of Action, for attorney fees and costs against Defendants CITY and DOE SAN BERNARDINO POLICE OFFICERS 1 to 25;
5. For legal interest on the judgement; and
6. For such other and further relief as the Court may deem just and proper.

Dated: November 9th, 2022          BLOOMENFELD LAW, APC

BY: _____
Marc I. Bloomenfeld, Esq.

## VII. DEMAND FOR JURY TRIAL

Comes now Plaintiffs, HENRY PEREZ and JACOB SOLARZANO and respectfully demand that the present matter be set for a jury trial.

Dated: November 9th, 2022          BLOOMENFELD LAW, APC

BY: _____
Marc I. Bloomenfeld, Esq.



**SUPERIOR COURT OF CALIFORNIA;—
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

Perez et al -v- City of San Bernardino et al

| NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT | Case Number |
|---|---|
| | CIVSB2225127 |

BLOOMENFELD LAW, APC
9454 WILSHIRE BLVD
PENTHOUSE
BEVERLY HILLS CA 90212

This case has been assigned to: Khymberli S Apaloo in Department S25 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 09/11/2023 at 8:30 AM in Department S25 - SBJC

Date: 3/13/2023

By: _____
Michelle Gomez-Casillas, Deputy Clerk

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 3/13/2023

I declare under penalty of perjury that the forgoing is true and correct. Executed on 3/13/2023 at San Bernardino, CA.

By: _____
Michelle Gomez-Casillas, Deputy Clerk

**Ex. A - p.14**